UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

```
JOSEPH BLAIN,                  ) Case No. SACV 08-1375-RGK(RC)
                               )
          Petitioner,          ) OPINION AND ORDER ON
                               ) PETITION FOR WRIT OF HABEAS CORPUS
     vs.                       )
                               )
J. HARTLEY, WARDEN A.S.P.      )
STATE OF CALIFORNIA,           )
                               )
          Respondent.          )
_____)
```

On December 3, 2008, petitioner Joseph Blain, a person in state custody proceeding pro se, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging his convictions and sentence in Orange County Superior Court case no. 05CF1616 on seven counts of violating California Penal Code § 288, as well as a motion for protective petition and stay of proceedings.[1] The petitioner challenges his sentence on the sole ground of "ineffective assistance of counsel," and states the facts supporting this ground as "failure to investigate

---

[1] The Court takes judicial notice under Fed. R. Evid. 201 that the California Supreme Court on November 12, 2008, denied petitioner's request for habeas corpus relief, making his motion for a stay moot.

for penalty phase" -- without any further explanation of the facts and without citation to any supporting cases to illuminate the facts. Thus, on December 15, 2008, this Court dismissed the petition with leave to amend pursuant to Fed. R. Civ. P. 12(e) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, see James v. Borg, 24 F.3d 20, 26 (9th Cir.) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."), cert. denied, 513 U.S. 935 (1994); Jones v. Gomez, 66 F.3d 199, 204-05 & n.1 (9th Cir. 1995), cert. denied, 517 U.S. 1143 (1996), and afforded petitioner 30 days in which to file an amended petition. However, petitioner has not filed an amended petition.[2]

**DISCUSSION**

Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules") provides that these Rules govern the procedures in the federal courts on an application under 28 U.S.C. § 2254 by a person in custody pursuant to a judgment of a state court. 28 foll. U.S.C. § 2254, Rule 1. Rule 2(c) requires that the petition shall specify all grounds for relief, as well as the facts supporting each ground. Id. Here, the petitioner has failed to set forth the facts supporting his claim. Rather than immediately summarily dismissing the habeas petition based on its deficiency, the Court instead dismissed it with leave to amend, and ordered petitioner to

---

[2] Rather, petitioner filed another motion for a stay of proceedings. Without a cognizable petition, however, there is no proceeding to stay; thus, petitioner's most recent request for a stay is denied.

file an amended petition within thirty (30) days. The Court admonished petitioner, however, that "[f]ailure to timely file the amended petition may result in the recommendation that this action be dismissed." Although more than thirty days have passed, petitioner has not filed an amended petition.

Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 foll. U.S.C. § 2254, Rule 4. Since the habeas petition is clearly defective on its face, it should be summarily dismissed without prejudice.

**ORDER**

IT IS ORDERED that the habeas petition shall be SUMMARILY DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall notify petitioner of the dismissal.

DATE: January 12, 2009

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: _January 8, 2009_

   /S/ Rosalyn M. Chapman
     ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\08-1375.mdo
1/8/09

3